## QUINT *vs.* LITTLE.

Where a mortgagee, having entered into the mortgaged premises in presence of two witnesses, pursuant to the statute, afterwards stipulated by a memorandum in writing that he would reconvey the premises whenever the debt should be satisfied out of the rents and profits, or otherwise ; the mortgagor, notwithstanding the lapse of more than three years since the entry, may have a bill in equity to redeem.

And if the bill sets forth these facts, a plea in bar, stating only the entry for condition broken, more than three years before the filing of the bill, and that the debt is still unpaid, is a bad plea.

IN this case, which was a bill in equity brought to redeem certain mortgaged real estate, the facts sufficiently appear in the opinion of the court, which was delivered by

MELLEN C. J. The plaintiff, in his bill in equity, states two conveyances of parts of a saw-mill, made by him in mortgage to *Little* ; one dated *July* 5th, 1819, and the other *February* 21, 1822. The bill further charges that *Little* entered into possession and has received in money, and from the rent and profits, more than sufficient to pay and satisfy the sums, to secure the payment of which the mortgages were given ; and it further states that on the 21st of *February*, 1822, *Little*, by his memorandum in writing of that date, promised, engaged and undertook to, and with the plaintiff, that when the sum, for which the mortgage of *July* 5th, 1819 was given, should be paid by the rents of the mill, or in any other way, that the mortgage should be discharged, notwithstanding three years might elapse after his taking possession and before payment. In deciding on the merits of the plea in bar, which is the only subject of consideration in this stage of the cause, it is not necessary to state any of the other facts set forth in the bill. As to the mortgage of *February* 21, 1822, *Little* pleads a disclaimer ; to which no objection is made. As to the mortgage of *July* 5, 1819, he pleads in bar that on the third of *March*, 1820, in the presence of two witnesses, he entered into, and took peaceable and open possession of the premises mention

ed therein, for and because the condition of said mortgage deed was broken; and continued in the open and peaceable possession of the same for more than three years, for the breach of the condition of said deed ; and so possessed the same to the present time ; and that the sum mentioned in the condition of said mortgage deed has never been paid. Several objections have been made and urged against this plea ; but it is not necessary that we should enter into a particular examination of all of them, because we are of opinion that one of them is substantial.

It appears by the bill that the plaintiff founds his claim to a reconveyance of the lands described in the first mortgage, (for it is not proper here to speak of the second,) not only on the condition of the mortgage deed, but also on the subsequent memorandum or special agreement of *February* 21, 1822 ; and if, in virtue of either, the plaintiff is entitled to a reconveyance, then the bill is sustainable, although there was an entry by *Little* for breach of the condition of the mortgage before two witnesses, at the time and continued in the manner, alleged in the plea in bar; that is, the plea does not meet all the allegations in the bill, as to the plaintiff's equitable rights, though it professes to be, as pleaded a full bar to the plaintiff on every ground, so far as it respects the contents of the mortgage of *July* 5, 1819. The plea merely discloses a bar, so far as the plaintiff's claim in equity is founded on the mortgage deed ; but no further. For these reasons we are all satisfied that the plea is bad and insufficient, and it is accordingly overruled. As before intimated, it becomes needless to ascertain whether the plea is overruled by the answer, or is falsified by it, as contended by the counsel for the plaintiff.

*Orr*, for the plaintiff.

*Longfellow*, for the defendant.