## John P. Cook & Another v. William Finkler & Others.

After an irregular foreclosure of a mortgage, one of two subsequent mortgagees was enquired of by one who contemplated a purchase of the land, if he had any claim upon it, and was told that he had not. The inquirer then purchased of the first mortgagee.—*Held,* that the subsequent mortgagees were estopped from setting up any claim under their mortgage against the purchaser.

Where a second mortgagee asked to redeem in equity, and more than twenty years had elapsed since the right to redeem accrued, it was *held,* the right was barred by lapse of time, whether the premises had been occupied under the first mortgage for twenty years or not.

*Heard June 9th. Decided November 14th.*

Appeal in Chancery from Hillsdale Circuit.

The bill was filed December 26, 1857, to foreclose a mortgage given by Samuel Klae, February 27, 1837, payable two months thereafter; and also to redeem from a prior mortgage on the same land, given by Klae to George

Ring, under which the defendant Finkler claimed. It appeared in evidence, that proceedings were had to foreclose, by advertisement, the first mentioned mortgage in 1837, and the other in 1838, but in each case they were claimed to be irregular. In July, 1840, one Isaac Alden called upon Ferris, one of the complainants, and asked him if he had any claim upon the land, and Ferris replied that he had not; Alden then told Ferris he had come to inquire about complainants' mortgage; that he was negotiating a purchase with Levi Baxter, who then claimed to be owner of the land through the foreclosure of the Ring mortgage, and Ferris told him he would be perfectly safe in buying it. Alden then bought, paying all the land was then worth, and took possession of the land the same year.

It also appeared in evidence that Klae, from the time complainants mortgage fell due until his death in 1840, was continually insolvent.

Finkler alone defended in the court below, and the court dismissed the bill.

*G. A. Knickerbocker* and *T. M. Cooley*, for complainants:

The twenty years equitable bar does not apply until after twenty years non-claim *while the opposite party was in possession.* See 5 *Johns. Ch.* 545; 16 *Johns.* 214; 10 *Johns.* 416; 4 *Paige*, 443, 2 *Jac. & Wal.* 235; 2 *Met.* 26; 8 *Met.* 87; 3 *Sandf. Ch.* 507; 2 *Ves.* 669; 2 *Kern.* 400; 22 *Conn.* 571; 9 *Wheat.* 497; 1 *B. Monr.* 309; 5 *Wend.* 297. The right to redeem in this case exists until extinguished by twenty years possession under the prior mortgage.

Any presumption of the payment of complainants' mortgage, arising from lapse of time, is rebutted, 1st, by the attempt at a statutory foreclosure (5 *Wend.* 297); and 2d, by the fact of the mortgagor's insolvency;—5 *Conn.* 1; 19 *Ves.* 196; *Saxton*, 685; 12 *Ves.* 266; 33 *N. H.* 569.

*E. C. Hinsdale* and *C. I. Walker*, for defendant Finkler:

As to the presumption of payment, and what is necessary to rebut it, see 5 *Mich.* 204; 5 *Johns. Ch.* 552; 3 *Johns.* 386; 7 *Johns.* 283; 10 *Johns.* 381; 2 *Md. Ch. Dec.* 210; 2 *Edw. Ch.* 387; 2 *Dana,* 471; 4 *Paige,* 441; 2 *Met.* 27; 1 *Mich.* 182; 9 *Pet.* 415.

Martin Ch. J.:

Upon two grounds the bill was properly dismissed in the court below; *First,* that of estoppel of the complainants from disputing the title of Finkler, after the assertion by Ferris to Alden, through whom Finkler derived title, that he had no claim upon the land in question; and *Second,* by lapse of time.

Brown, the assignee of Ring, had attempted to foreclose the prior mortgage by proceedings under the statute, and the complainants had made a like attempt upon their subsequent mortgage. Whether these proceedings were regular or irregular it is unnecessary for us to determine; as these complainants purchased, under their attempted foreclosure, subject to the prior mortgage. Alden, when about to purchase the property of Baxter, who had purchased from Brown, inquired of Ferris whether he had any claims upon it, and was told that he had not. This nquiry was evidently made in view of the second mortgage, and the attempted foreclosure; and the answer bound both complainants, as Alden was, as we must presume, induced to purchase by such answer. Whether the answer was made in view of the mortgage or the foreclosure, and whether or not the foreclosure was presumed to be valid, equity will hold complainants to the consequences of the disavowal, in behalf of a *bona fide* purchaser encouraged by it to purchase, and of those acquiring title through him. Even if Ferris disavowed having any interest under a mistake of law, the purchaser should not suffer; for his money was paid and the title acquired, in part at least, by reason of the disavowal.

But were we disinclined to hold it an absolute estoppel, yet most certainly, when considered in connection with the fact that twenty years have elapsed since the right to redeem 'accrued to these complainants, and that new rights and interests in the property have sprung up, this will afford a complete bar to the complainants' claim to equitable relief. Even had not twenty years elapsed, the court would withhold relief; for the debt was long since barred, and the security can only be enforced after depriving a *bona fide* purchaser of his property. Even were this a bill by a mortgagor to redeem, he could not be aided; much less should a subsequent incumbrancer who has no equities— not even a demand which he can enforce.

The decree must be affirmed, with costs.

The other Justices concurred.