# CHARLESTOWN.

## CAMDEN *v.* ALKIRE.

Submitted June 26, 1884—Decided September 27, 1884.

1. The right to enforce the lien of a trust-deed against the trust-property being an equitable and not a legal remedy, the statute of limitations has no direct operation upon such right; but the general rule adopted by courts of equity as to the limit for the enforcement of such lien is by analogy to the right of entry at law under the old statute of limitations—21 Jac. 1, c. 15—that twenty years' possession by the grantor after default of payment of the trust-debt by the terms of the deed, without any acknowledgment or recognition of a subsisting lien, is a bar, unless the beneficiary is within some of the exceptions made for disabilities. (p. 677.)

2. In some of the States, in which the limitation of the right of entry on land has been fixed at a period longer or shorter than twenty years, courts of equity in those States, following the analogy of those statutes, have made the time within which the lien of a mortgage or trust-deed will be enforced the same. But in this State this rule is not followed, and the period of twenty years has been adhered to, notwithstanding the time fixed by our statute for the entry on land has been made less than twenty years. (p. 677.)

3. The presumption of payment which arises from the non-enforcement of the trust-deed for twenty years, is not adopted as a fixed and positive limitation, but as an equitable rule and by analogy to the old statute of limitations; and it may, therefore, be varied, and made to operate at a longer or shorter period, depending upon circumstances and the relations of the parties. (p. 679.)

4. A purchaser from the grantor, as well as all subsequent vendees, where the trust-deed is duly recorded, has no greater rights against the creditor than the grantor himself, and the title and possession of the one are no greater than the other. The purchaser from the grantor is bound by the acts and declarations of the grantor in respect to the trust while he retains the equity of redemption or any part of it. (p. 679.)

5. The fact that the debt secured by the deed is barred by the statute of limitations does not as a general rule extinguish the security or prevent the enforcement of the lien by suit. (p. 680.)

6. In equity the trust-deed is always regarded merely as a security for the debt and the debt as the principal thing; therefore, so long as a recovery at law on the bond or note given for the debt is not barred by the statute of limitations, the right to enforce the lien of the trust continues and may be enforced. (p. 680.)

7. A trust-deed made to secure a debt is in legal effect a mortgage and is governed by the same legal principles as to the rights growing out of it in regard to the lapse of time as well as in many other respects. (p. 680.)

The facts of the case appear in the opinion of the Court.

*W. E. Lively* for appellant.

No appearance for appellee.

SNYDER, JUDGE:

Oliver Alkire executed to R. P. Camden his bond for seven hundred and sixty-six dollars and eighty cents dated February 4, 1858, payable one year thereafter, and at the same

date he executed a trust-deed by which he conveyed to J. N. Camden, trustee, a tract of one hundred and thirty-five acres of land in Lewis county to secure the payment of said debt, which deed was duly recorded in said county on the day of its date. Subsequently, by deed dated July 5, 1858, he sold and conveyed said tract of land to G. J. Butcher, and as a part of the consideration for said sale and conveyance, Butcher agreed and bound himself to pay off said trust-debt to R. P. Camden. In 1866, Butcher, by an executory contract or title-bond sold and bound himself to convey said tract of land to Alexander A. Brown. A short time thereafter, in the early part of 1867, Brown was put in the actual possession of the land and has so continued ever since. Brown paid all the purchase-money for the land to Butcher at the time or soon after his said purchase, but the land was not conveyed to him until August 25, 1873, when Butcher and wife conveyed the same to him by deed with general warranty of title.

In pursuance of his said agreement with Alkire, on the 4th day of May, 1869, Butcher paid to R. P. Camden on said debt nine hundred and ninety-six dollars and sixty-one cents, and on June 26, 1877, Flora Camden, the administratrix of R. P. Camden, then deceased, brought an action of debt in the county court of Lewis county against Oliver Alkire for the residue of said debt, in which action judgment was rendered on February 26, 1880, in favor of the plaintiff for four hundred and seventy-four dollars and four cents by the circuit court of said county to which court said action had been removed. Execution issued on this judgment and was returned "no property found."

In August, 1877, Butcher died insolvent and J. N. Camden, the trustee, having declined to execute the trust imposed by the aforesaid trust-deed to him, the said Flora Camden, as administratrix of R. P. Camden, deceased, on May 15, 1880, brought this suit in the circuit court of Lewis county against said Alkire, Brown, J. N. Camden, trustee, and the administratrix and heirs of said Butcher for the purpose of enforcing said trust-deed by a sale of said tract of one hundred and thirty-five acres of land in default of the payment of the unpaid balance of the said trust-debt. The

defendant Brown answered, insisting that the plaintiff and her testator by laches and the lapse of time had lost their right to enforce said trust-deed or to subject said land to the payment of said debt; and he pleaded and relied on the statute of limitations, the presumption of payment and the staleness of the plaintiff's demand as a complete bar to any relief against him or said land.

On March 18, 1882, Edwin Maxwell as special judge of the said court, sitting in this cause, "being of opinion that the right of the plaintiff to subject" the said land to the payment of said debt was "barred by the statute of limitations," dismissed the bill with costs as to all the defendants except Alkire. From this decree the plaintiff has appealed to this Court.

It appears from the pleadings and proofs that, in May, 1863, the defendant, G. J. Butcher, went out of Lewis county to Augusta county, Virginia, within the Confederate military lines and continued within the lines of the Confederate army from that time until February, 1865, when he returned to Lewis county and resided there until his death in the year 1877.

The only question presented for our decision is, whether or not the plaintiff's right to relief against the said one hundred and thirty-five acres of land is barred by the statute of limitations or the lapse of time?

The right to enforce the lien of a mortgage or trust-deed being an equitable and not a legal remedy, the statute of limitations has no direct operation upon such right, but the general rule adopted by courts of equity in regard to the redemption or enforcement of mortgages is by analogy to the right of entry at law, under the old statute of limitations, 21 Jac. 1. c. 16, that twenty years' possession by the mortgagor or mortgagee without any account or acknowledgment of a subsisting mortgage is a bar, unless the party who invokes the aid of the court is within some of the exceptions made for disabilities. In some of the States, in which the limitation of the right of entry on land has been made by statute more or less than twenty years, following the analogy of those statutes, the time within which the mortgagor may redeem from the mortgagee in possession will be the same;

as for instance, the statute of limitations of Connecticut prescribing fifteen years as the period beyond which an entry shall not be made, a mortgagor is there barred by the lapse of that period during which the mortgage-title has not been recognized by the mortgagee in possession—*Jarvis* v. *Woodruff*, 22 Conn. 548; *Dawson* v. *Hozle*, 58 Ala. 44.

But in Virginia and this State this rule is not followed, and the period of twenty years has been adhered to, notwithstanding the time fixed by the statute for the entry on land is limited to less than twenty years. The rule in these States and, perhaps others, seems to be, that such lapse of time affords evidence of a presumption that the mortgagor has abandoned his right, or, in case of a trust-deed, that the debt secured has been paid—*Ross* v. *Norvell*, 1 Wash. 14; *Pitzer* v. *Burns*, 7 W. Va. 63; *Cook* v. *Finkler*, 9 Mich. 131.

The possession of the mortgagee must be unequivocally adverse to the person entitled to the equity of redemption. But the fact that he entered with the consent of the owner does not prevent his possession from being adverse, unless in return he assumed some obligation to the owner. The supposed relation of the mortgagor to the mortgagee, as his tenant is not allowed to operate against the presumption of payment arising from the mortgagor's continued possession. After twenty years this presumption may be made even in chancery. The lapse of twenty years, without the payment of interest, or demand made, the mortgagor being in possession, will raise the presumption that the debt has been paid, but this presumption may be repelled by evidence of the relation and circumstances of the parties—1 Barton's Chy. Pr. 115; *Damorest* v. *Wynkoop*, 3 Johns. Ch. 129; *Stevens* v. *Dedham Institution, &c,,* 129 Mass. 547.

If the person seeking to enforce the right was under disability, the time of his disability is to be deducted, though he cannot avail himself of successive disabilities—*Lamar* v. *Jones*, 3 Har. & M. 32.

When, however, by the terms of the mortgage, or by subsequent agreement, the mortgagee is to take and hold possession, until he shall satisfy his claim from the rents, his possession does not become adverse until his demand has been satisfied from this source, or he asserts an absolute title

in himself and gives distinct notice of it to the mortgagor—
*Anding* v. *Davis*, 38 Miss. 574; *Quint* v. *Little*, 4 Me. 495.

The mortgagee's acknowledgment is binding upon all who
hold under him as lessees or otherwise—2 Jones on Mortg.
§ 1165.  By commencing proceedings to foreclose the mort-
gage either by action or by advertisement, the mortgagee
recognizes it as a subsisting lien and the mortgagor may there-
after within twenty years redeem.  A verbal acknowledg-
ment that the mortgage is a subsisting security is sufficient to
prevent the possession from operating as a bar if the evidence
be clear and unequivocal—2 Jones on Mortg. § 1171.

The presumption of payment which arises from the non-
enforcement of a mortgage is not adopted as a fixed and
positive limitation, but as an equitable rule and by an analogy
to the old statute of limitations of 21 Jac. 1, c. 16.  It may,
therefore, require a longer or a shorter period to effect a bar.
Twenty years is an absolute bar in the absence of any evi-
dence or circumstances affecting the legal presumption of
such bar.  A payment of interest or part of the principal
renews the mortgage, so that a suit may be brought to enforce
it within twenty years after such payment.  This is a rule
universally recognized.  And where there are several persons
interested in the equity of redemption, such payment by any
one of them keeps alive the right not only against him, but
also against all other owners of the equity of redemption—
*Emory* v. *Keighan*, 88 Ill. 482; *Rodham* v. *Morley*, 1 De. G.
& J. 1; 2 Jones on Mortg. § 1198.

A purchaser assuming the payment of a mortgage recog-
nizes it as a subsisting incumbrance, and cannot set up the
lapse of time as a bar against it until twenty years from that
time have elapsed.  His grantee is also bound by such
admission to the same extent that he was himself bound—
*Harrington* v. *Slade*, 22 Barb. 161; *Schmucker* v. *Sibert*, 18
Kans. 104; 1 Jones on Mortg. § 744.

The mortgagor's grantee has no greater rights against the
mortgagee than the mortgagor himself.  A purchaser with
actual notice of the mortgage, or constructive notice by
means of the registry of it, can avail himself of the presump-
tion of payment from the lapse of time only when the mort-
gagor could avail himself of it under the same circumstances.

The grantee succeeds to the estate and occupies the position of his grantor. He takes subject to the incumbrance; and his title and possession are no more adverse to the mortgagee than was the title and possession of the mortgagor. A purchaser from the mortgagor is bound by the acts and declarations of the mortgagor in respect to the mortgage while he retains the equity of redemption or any part of it; and such purchaser can stand in no better position than the mortgagor himself as to gaining title by possession and lapse of time, if the mortgage is recorded. The record is notice of the mortgage to a subsequent purchaser—*Thayer* v. *Cramer*, 1 McC., ch. 395; *Lynch* v. *Hancock*, 14 S. C. 66; 2 Jones on Mortg. § 1202.

Though the debt be barred the lien may be enforced. The fact that a debt secured by a mortgage is barred by the statute of limitations does not as a general rule extinguish the mortgage security or prevent the enforcement of it by suit—*Smith* v. *Washington City, &c.*, 33 Gratt. 617; *Hanna* v. *Wilson*, 3 Gratt. 243.

In equity a mortgage is always regarded merely as a security for the debt. The debt is the principal thing; an assignment of it carries with it the mortgage; and, therefore, so long as a recovery on the note or bond given for the debt is not barred, the right to enforce the lien of it created by the mortgage or trust-deed on the land continues and may be enforced by suit in equity. If by non-residence of the mortgagor time be deducted from the period of limitation, so that an action on the debt is not barred, neither is a suit to foreclose the mortgage barred—*Clinton Co.* v. *Cox*, 37 Iowa 570; *Emory* v. *Keighan*, 94 Ill. 543; *Hale* v. *Pack*, 10 W. Va. 145; *Tingle* v. *Fisher*, 20 *Id.* 497; *McClintic* v. *Wise*, 25 Gratt. 448.

The foregoing principles in regard to mortgages apply equally to trust-deeds. A trust-deed to secure a debt is in legal effect a mortgage—*Eaton* v. *Whiting*, 3 Pick. 484. It is a conveyance made to a person other than the creditor with a power of sale if the debt is not paid as agreed. Such a deed has all the essentials of a mortgage; it is a conveyance of land as a security for a debt. It passes the legal title to the grantee just as a mortgage does. Both instruments

convey a defeasable title only; and the right to redeem is the same under either. The only important difference between them is, that in the one case the conveyance is directly to the creditor, while in the other it is to a third person for his benefit. So far as they bear upon the case before us, all the incidents and legal principles as to the effect of a mortgage apply with equal force to a trust-deed. Each is a form of security and in practice in Virginia and in this State the latter has almost entirely superseded the former—*Taylor* v. *Stearns*, 18 Gratt. 224, 278; *Pitzer* v. *Burns*, 7 W. Va. 63. In the large majority of the other States of the Union mortgages are used almost exclusively; and thus it is that the doctrines relating to this kind of securities are by text-writers and courts generally classified and explained as mortgages; but, as before stated, the principles and rules governing mortgages are essentially the same and apply equally to trust-deeds executed to secure debts.

In the light of the foregoing doctrines it is apparent that the right of the plaintiff to enforce the lien of the trust-deed in the case at bar against the trust-property in the possession of the defendant, Brown, was not barred at the time this suit was commenced. It is not pretended that the debt was barred by the statute of limitations. The bond for the debt became due in February, 1859, and the action at law having been instituted on it in June, 1877, less than nineteen years after its maturity, the time sufficient to raise the presumption of payment had not then elapsed. And, moreover, in May, 1869, only eleven years before this suit was commenced, Butcher, the vendee of Alkire, the grantor in the trust-deed, who had assumed to pay off this debt, paid on it the sum of nine hundred and ninety-six dollars and sixty-one cents. This payment was a recognition not only of the debt, but likewise of the existence of the trust-deed on the land; and, consequently, there could arise no presumption of payment from the lapse of time until twenty years had expired after that date. And Butcher, being also the vendor of the defendant Brown, the latter can stand in no better position than Butcher as to gaining title by possession and the lapse of time to the land conveyed by the trust-deed which was duly recorded before his purchase. The registration of the

deed was sufficient notice to him of the existence of the deed; and it is, therefore, unnecessary to consider the evidence in the record as to whether he had in fact also actual notice. Nor is it necessary to rely on the fact that Butcher was for two years beyond the jurisdiction of the courts of Lewis county and within the military lines of the Confederate States. For, excluding these considerations, it is clear that the right of the plaintiff to enforce her claim against the trust-property in the hands of Brown, had not been lost by time or otherwise at the time this suit was commenced. I am, therefore, of opinion that the decree of the circuit court should be reversed with costs to the appellant against the appellees, Brown and the administratrix of the said Butcher, to be paid by the latter out of the assets of her intestate, and that this cause be remanded to said court for further proceedings according to the principles announced in this opinion.

REVERSED. REMANDED.