# CHARLESTON

## EMMONS v. HAWK.

Submitted March 6, 1907.  Decided November 12, 1907.

1. MORTGAGES—*Trust Deed—Assignment.*

    The endorsement or assignment of a note or other evidence of a debt, secured by trust deed, carries with it an incident thereto the benefit of the lien of such trust deed, unless excluded expressly or by fair and reasonable implication. (p. 531.)

2. APPEAL—*Rulings on Pleadings—Prejudice.*

    In a chancery cause where a defendant tenders a plea in writing which is rejected and he is permitted to file an answer setting up the same defence, to which plaintiff enters a general replication, the defendant is not prejudiced by the rejection of the said plea. (p. 531.)

3. MORTGAGES—*Trust Deed—Foreclosure—Limitations—Personal Decree.*

    In a suit to enforce the lien of a trust deed securing a note upon which the statute of limitations has run, and the trust debtor has filed an answer claiming the benefit of the statute of limitations, it is error to enter a personal decree against the maker of the note for the amount thereof. (p. 533.)

4. APPEAL—*Disposition of Cause—Reversal in Part.*

    In such suit where a personal decree has been so entered and also further providing for the sale of the trust property to pay the debt, when it appears that the plaintiff was entitled to a decree of sale, the Appellate Court will reverse the decree in so far as it is personal against the defendant and affirm it as to the provision for the sale. (p. 535.)

Appeal from Circuit Court, Cabell County.

Suit by Arthur S. Emmons against Sarah E. Hawk and others. From a decree in favor of plaintiff, defendants appeal.

*Reversed in Part.*

SIMMS & ENSLOW, for appellants.

CAMPBELL, HEFFLEY & DAVIS, for appellee.

MCWHORTER, JUDGE:

Arthur S. Emmons filed his bill in equity in the circuit court of Cabell county against Sarah E. Hawk, S. A. Hawk, The National Mutual Building & Loan Association, a corpor-

ation, Geo. F. Peet, trustee, and C. R. Wyatt, trustee, for the purpose of enforcing the lien of a deed of trust made by said Sarah E. Hawk and Samuel A. Hawk, her husband, to C. R. Wyatt, trustee, on the 17th day of May, 1894, conveying a certain property on Sixth Avenue in the City of Huntington 45x200 feet, being a part of block No. 145, to secure to C. D. Emmons two promissory negotiable notes, one for the sum of $291.95 bearing date on the said 17th day of May, 1894, the other for $1,000.00 dated the 17th day of April, 1893, payable in fifteen months from date with interest at the First National Bank of Huntington—the last note mentioned only remaining unpaid.

The bill alleges that the said $1,000.00 note at fifteen months was endorsed by the said C. D. Emmons to the order of D. W. Emmons who is since deceased; that since the death of D. W. Emmons the same has been endorsed to the order of Arthur S. Emmons by Mary J. Emmons, administratrix of D. W. Ammons, deceased, and that Arthur S. Emmons now owns the said note of $1,000.00; that said note was long since due, just and unpaid; that the said Sarah E. Hawk and S. A. Hawk had, on the 14th day of May, 1894, executed another deed of trust upon the same property to secure a loan, being an advance of twenty shares of stock in the said National Mutual Building & Loan Association, which trust deed was the first lien on said property, but plaintiff was unable to state the exact amount due the said association on said loan; and prayed that the terms of the trust deed held by C. D. Emmons be enforced and that the property be sold to pay the said note of $1,000.00 with interest and costs of the suit, and for general relief.

Sarah E. Hawk and S. A. Hawk filed their demurrer to said bill and for special grounds thereof say that said bill shows upon its face that the suit was not brought within ten years next ensuing after the maturity of said note and that the same was barred by the statute of limitations and that said bill shows upon its face that the trust deed securing said note was never assigned to plaintiff Arthur S. Emmons but was held by C. D. Emmons who was not a party to their suit, and that plaintiff had no right to have the same enforced. Defendants also filed a plea in bar to plaintiff's bill by leave of the court the plaintiff objecting

to the legal sufficiency of the same, which objection being argued the court held that the plea was not sufficient in law and rejected the plea. The plea tendered was to the effect that the demand of plaintiff was stale and the collection of the debt barred by the statute of limitations, more than ten years having elapsed since the right to enforce the lien sought to be enforced by the plaintiff accrued to the party holding said note, and that the plaintiff and those under whom he claimed were by the *laches* estopped from enforcing the lien against defendant's property because the defendant Sarah E. Hawk, as surety for her husband, executed the note and secured the same by a lien upon her said property, which note was thereafter by the payee thereof endorsed to D. W. Emmons, now deceased; that the note became payable and the rights thereunder accruing to D. W. Emmons more than ten years before the issuing of summons in ·this suit to enforce said trust lien; that said S. A. Hawk agreed with and through the said D. W. Emmons for the payment of said note, said D. W. Emmons agreeing to discharge the said note in consideration of the fact that the said S. A. Hawk would not at that time require the Fitzgerald Patent Prepared Plaster Company, of which the said D. W. Emmons, then in life, as a stockholder and director, to pay to the said S. A. Hawk a certain amount of money then due the said S. A. Hawk from said Plaster Company, said Hawk to permit the same to remain unpaid and the said D. W. Emmons, who was a large stockholder and creditor thereof, to apply the assets and proceeds of the business of said company to the payment of his debts; that in consideration of said agreement said Emmons agreed that he would surrender said note held by him and cancel and release the said lien on defendant's property; that said agreement and understanding between Hawk and D. W. Emmons was after the note became due and payable and more than ten years before the bringing of this suit; that the facts connected with and growing out of the said agreement by which the said note was agreed to be paid and the lien released were known only to the said S. A. Hawk and D. W. Emmons; that defendant could not prove the facts by any one except by her joint debtor on the said note—S. A. Hawk, her husband—who could not testify as to the understanding and agree-

ment between himself and the said D. W. Emmons, since deceased; that through the delay of the said D. W. Emmons in bringing this suit the conditions of the parties had been changed and defendant could not show by parol testimony of S. A. Hawk—the only evidence in the matter—the true facts and circumstances connected with the settlement and agreement of release made by said Samuel A. Hawk and D. W. Emmons, now deceased; that said delay of over ten years in bringing said suit until after the death of D. W. Emmons was such *laches* as prevented the defendant establishing her rights in said suit and barred the plaintiff of all relief, all of which things defendant averred and pleaded in bar of plaintiff's bill of complaint, and prayed judgment, &c.

The defendants Sarah E. Hawk and Samuel A. Hawk then tendered their answers setting up the same defense set out in the special plea aforesaid, to which answers general replications were made. The depositions of Sarah E. Hawk and S. A. Hawk were taken and filed in the case, which depositions were excepted to by the plaintiff, the exceptions endorsed thereon in writing. Also the deposition of C. D. Emmons was taken and filed in the cause in behalf of the plaintiff, which deposition was also excepted to by the defendants. The cause was brought on to be heard on the 12th day of May, 1906, when the court sustained the exceptions taken to the whole of the evidence of Sarah E. Hawk as well as the exceptions to the depositions of S. A. Hawk in the particulars excepted to and pointed out; and the exception to the deposition of C. D. Emmons was overruled. The court then rendered a personal decree against S. A. Hawk and Sarah E. Hawk for the sum of $1786.00 with interest thereon from date of decree and the costs of suit, and decreed that the debt of $1786.00 was secured by deed of trust upon the said lot on Sixth Avenue 45x200 feet in the City of Huntington and constituted a valid lien upon said real estate second in priority to a decree rendered the day before in the case of Sarah E. Hawk against the said Building & Loan Association in favor of said association for the sum of $1646.46 with interest from the 11th day of May, 1906. And further decreed that unless said defendants should pay to the plaintiff the said sum of $1786.00 with interest and costs

within thirty days from the rising of the court that the said property should be sold by a special commissioner appointed for that purpose to pay the same on the terms provided by said decree, being one-third of the purchase money in cash on day of sale and the residue in two equal payments at nine and eighteen months with interest.

Defendants assign as error the overruling of their demurrer to plaintiff's bill. It is true the statute of limitations may be taken advantage of by the demurrer in an action to enforce a contract. If this were an action against the makers of the note for a judgment for the amount thereof a demurrer would lie because of the statute of limitations and the authorities cited by appellants would be applicable, but the object of the suit here is not to collect the amount of the note against the makers but simply to enforce the lien created by the deed of trust. In *Criss* v. *Criss*, 28 W. Va. 388, (Syl. pt. 1), it is held: "The statute of limitations to a suit to enforce a debt bars the remedy but does not extinguish the debt; and therefore, if the debt be secured by a deed of trust, though the action for its recovery be barred, the enforcement of the lien by deed of trust is not affected by any lapse of time short of a period sufficient to raise a presumption of payment." See also *Camden* v. *Alkire*, 24 W. Va. 674, where it is held: "The fact that the debt secured by the deed is barred by the statute of limitations does not as a general rule extinguish the security or prevent the enforcement of the lien by suit." And in *Pitzer* v. *Burns*, 7 W. Va. 63: "In a suit in equity to enforce a deed of trust given upon land to secure the payment of money, the fact that the grantor remained in possession of the land for 17 years, after the right to sell the property to pay the debt accrued, does not operate a bar to the suit." See also *Hanna* v. *Wilson*, 3 Grat. 232; *Ross* v. *Norvell*, 1 Wash. 14; *Coles* v. *Withers*, 33 Grat. 187; *Smith* v. *Railroad Co.*, 33 Grat. 617; *Elkins* v. *Edwards*, 8 Ga. 325; *Thayer* v. *Mann*, 19 Pick. 585; *Pratt* v. *Huggins*, 28 Barb. 277; *Borst* v. *Corey*, 15 N. Y. 505; *Belknap* v. *Gleason*, 11 Conn. 160; *Miller* v. *Trustees of Jefferson College*, 5 Sim. & Marsh. 651; *Trotter* v. *Irwin*, 27 Miss. 772; *Nevitt* v. *Bacon*, 32 Miss. 212; *Joy* v. *Adams*, 26 Me. 330; *Wiswell* v. *Baxter*, 20 Wis. 713; *Cook* v. *Culbertson*, 9 Nev. 199.

It is further contended by appellants as ground of demurrer that the bill fails to allege that the deed of trust was assigned to the plaintiff. In *Thomas* v. *Linn*, 40 W. Va. 122, it is held: "The assignment of a bond or note secured by deed of trust carries with it, as an incident of such assignment, the benefit of the lien of the deed of trust, unless excluded expressly or by fair and reasonable implication." It was not necessary that it should show the assignment of the deed of trust, nor was an assignment thereof necessary, the assignment or endorsement of the note carried with it to the endorsee or assignee the benefit of the trust lien. The demurrer was properly overruled.

The matter set up in defense, by the demurrer, the plea and answers of the defendant are all of the same character. The defendants making the same defense in their answers as in the plea were not prejudiced by the rejection of the plea. The defendants rely principally upon the question of *laches* and the only transaction upon which they base their defense was that alleged to have been between S. A. Hawk and C. D. Emmons and acquiesced in by D. W. Emmons, who is since deceased; and aver in their plea and answers as well, that said transaction could only be proved by S. A. Hawk since the death of D. W. Emmons. Defendants contend that D. W. Emmons was guilty of *laches* in not demanding the payment of the note in his lifetime, and that the plaintiff taking said note barred by the statute of limitations had no greater right under the same than D. W. Emmons had and that the changed conditions and delay is a bar and discharge of all liability upon the defendants and of the property involved to the payment of the same. S. A. Hawk in his testimony says he had charge of the business of the Fitzgerald Patent Prepared Plaster Company from April 1893 to March 1897; that at the time he left the company it was indebted to him in the sum of $1,400.00 which under the agreement with C. D. Emmons acquiesced in by D. W. Emmons was to be applied on the note in question" (the $1,000 note secured by said deed of trust) That portion of his evidence "acquiesced in by D. W. Emmons" was properly ruled out, the same relating to a transaction between himself and the deceased Emmons. In a letter addressed by S. A. Hawk to C. D. Emmons, dated March 10, 1904, he says:

" Referring to your letter of March 8th, 1904, I fear I did not make myself sufficiently clear. You know you or your father holds a mortgage on our 6th avenue property and in view of settlement I wish to ascertain what credit your father and yourself would allow me on settlement.

"I am not asking that your father and yourself settle the claim I hold against the stockholders of the Plaster Co. I do think, however, you should allow me your pro-rata on the settlement. Would it be fair and just that, under the conditions, you would collect from me for the full mortgage with interest, and give me no credit for a claim against the company that you both are interested in, and hold stock.

"As I stated above I do not ask you to settle the claim I hold against the company but I do ask that you give me your pro-rata share of the claim on settlement. Let me hear from you."

It does not appear from this letter that Hawk was at that time claiming that the note had been paid or was to be paid out of the amount due him from the Plaster Company but he was simply claiming that Emmons and his father should allow him on account of the note their pro rata, supposably the amount coming to them as stockholders in said company on a settlement of the affairs of the company. It would seem that if Hawk at that time claimed the note was paid or was to be paid out of what the company owed him on his salary he would have contended that the same should be so applied. While he states in his deposition that it was to be so applied under the agreement, he makes no such claim in the letter which was written before the institution of his suit. No such time had elapsed after the note became due as would under the authorities raise the presumption of the payment of said note, only a little over eleven years elapsed before the bringing of the suit, when ordinarily the presumption will not be raised short of twenty years.

In *Cramer* v. *McSwords*, 24 W. Va. 594, one of the cases relied upon by the appellants, JUDGE SNYDER, in writing the opinion of the Court, refers to the case of *Harrison* v. *Gibson*, 23 Grat. 212, where the court refused relief after the lapse of fourteen years from the time the cause of action

arose.  JUDGE SNYDER says:  "Even in this case the court did not rely wholly on these circumstances and the lapse of time, for it proceeds to show that the facts which did appear weighed in favor of the presumption that no breach of trust had been committed.   This is the only case I have found where relief was denied within less than fifteen years after the cause of action arose."

The third assignment is that the court erred in entering judgment for the entire debt against Sarah E. Hawk and Samuel A. Hawk, the statute of limitations being relied upon by both of said defendants both by demurrer and answer. There is no prayer for any such decree but the suit is merely for the purpose of subjecting the property to sale for the payment of the debt or the enforcement of the trust lien.   It is admitted by appellee that the defendants were freed from personal liability by the statute of limitations although the property remains bound under the deed of trust, and says: "If this decree, taken by its four corners, is to be construed as a personal one, it was made so by inadvertance on the part of the draftsman and to cure the decree of this error, Arthur S. Emmons, the plaintiff below, tenders a release of the defendants from personal liability for the principal and interest, but not of the costs."   Which release duly signed, under seal and acknowledged was filed with appellee's brief.   The suit was not based upon the promise to pay the note but was only to enforce the lien created by the deed of trust.   The decree, so far as it is a personal decree against the defendants, is erroneous and will be reversed to that extent.

The fourth assignment of error is in permitting C. D. Emmons, a distributee of D. W. Emmons and a party in interest, to testify in regard to the facts of the case within his knowledge and especially as to the original agreement and because by order of the court the evidence of Sarah E. Hawk and Samuel A. Hawk had been stricken out.   The witness, C. D. Emmons, only testified in relation to the claim of the defendant that he had agreed that the note should be paid out of the salary due to S. A. Hawk from the Plaster Company, but gave no evidence touching the acquiescence or non-acquiescence of D. W. Emmons to that agreement claimed to have been made between said C. D. Emmons and

S. A. Hawk. S. A. Hawk had testified that C. D. Emmons had made this agreement with him in which agreement D. W. Emmons had acquiesced. The testimony of S. A. Hawk was not stricken out so far as it referred to the agreement made between himself and C. D. Emmons but only so far as it involved the communications with or the knowledge and acquiescence of D. W. Emmons. The only testimony of C. D. Emmons which was material to the defendants was his denial of any such agreement being made between himself and S. A. Hawk, when he was asked: "Q. Mr. S. A. Hawk in his deposition says that you agreed that this $1,000.00 note should be paid out of his salary as general manager of a certain plaster manufacturing company. State what you know on that subject? A. There was no agreement of that kind." The fourth assignment is not well taken.

The fifth assignment that the court erred in rendering the decree complained of because there was no evidence to prove the same, "the testimony of C. D. Emmons not in any manner refuting the affirmative facts set up in the answers of the defendants." There was a general replication to the answers of the defendants and no valid evidence to sustain such answers. The testimony of Sarah E. Hawk refers to what took place between her and H. E. Hereford, President of the Plaster Company, in relation to making the note and deed of trust and detailing what Hereford had said in relation to what D. W. Emmons and C. D. Emmons had agreed that the salary of Mr. Hawk should pay the last note, purely hearsay evidence, and the fact that D. W. Emmons or C. D. Emmons had never asked her to pay the notes. Her testimony was very properly ruled out—part of it as being hearsay, and the part which referred to the action of D. W. Emmons, and so much of the testimony of the defendant S. A. Hawk as referred to the transaction with D. W. Emmons or what he said in relation to it was also properly ruled out. So that the affirmative matter, spoken of as contained in the answers of the defendants, was wholly without evidence to sustain it.

The decree for the enforcement of the deed of trust is based upon the note and deed of trust held by the plaintiff which is the highest type of evidence. The lien of the trust

deed is a matter of record and is shown to be a valid subsisting lien against the property named in the deed of trust in the absence of proof of payment, and the facts and circumstances set up as defense not being sufficient to raise the presumption of payment and payment not having been proven, the plaintiff was entitled to his decree of sale to satisfy said lien and being so entitled that part of the decree must be affirmed. The decree entered in the cause will be modified by reversing so much of the decree as is personal against the defendants and in other respects affirmed. The appellants being the parties substantially prevailing here are entitled to cost of their appeal.

*Reversed in part.*