# Dawson v. Hoyle.

*Bill in Equity to remove Cloud on Title.*

1. *Mortgagee; twenty years possession by, presumption as to.*—Where prior to the year 1850 the mortgagee took possession of the mortgaged premises, and after occupying them for some time, conveyed absolutely to another, and the possession of the mortgagee and his vendee continued for more than twenty years, without interruption or claim from the mortgagor or his heirs, a sale of the property and conveyance under the mortgage, or almost any thing else, necessary to give repose to the title of the purchaser, will be presumed.

APPEAL from Mobile Chancery Court.

Heard before Hon. ADAM C. FELDER.

This was a bill filed by the appellees, Hoyle and wife, against the appellant, Dawson, and the New Orleans, Mobile and Chattanooga Railroad Company, and seeks to remove an alleged cloud on the title to a certain lot, (conveyed by Hoyle and wife to the railroad company,) by reason of a claim of title by Dawson, and to compel the company to pay the stipulated price. The bill charged that Mrs. Hoyle, as the sole heir of one Ashton, owned the property in question by descent from her father; that she had put the railroad company into peaceable possession, and that the claim of title of Dawson was derived from the trustees of the Planters and Merchants' Bank, who never had any title to the property. Dawson answered, setting up a mortgage of the land in controversy by Ashton to the bank in 1842, and a sale and deed to him by the commissioners of the bank in 1850. The evidence shows that, as early as 1844, the bank was in quiet possession of the lot, claiming the same as owner, and that Dawson entered soon after the execution of the deed to him and held possession of the lot until 1870, when the railroad entered. Dawson set up the possession of his vendor and himself for the length of time shown, as a bar to the relief sought. The railroad company filed a cross bill, setting up the title both of Dawson and Hoyle and wife, asking that the court determine who had title to the land, and offered to pay for the same at a price which had been agreed upon with Dawson, if his title was good; at the same time insisting on

[Dawson v. Hoyle.]

the title derived from Hoyle and wife. The chancellor decreed that the property belonged to Mrs. Hoyle, ordered the company to make payment to her, and enjoined Dawson from setting up any claim to the lot in controversy; hence this appeal.

T. A. HAMILTON, L. GIBBONS and P. HAMILTON, for appellant.—The demand asserted by the bill is barred by the statute of limitations—the possession of the mortgagee after the law day is adverse, and adverse possession for a period of twenty years is a full answer to the bill.—28 Ala. 263; 32 Ala. 93; 2 Cowan & Hill, notes, 319; 21 Wall. 147.

GEORGE N. STEWART, contra.

No brief for appellee came to Reporter's hands.

STONE, J.—The evidence in this record shows that the Planters and Merchants' Bank, through its commissioners, was in possession of, and exercising acts of ownership over the property in controversy, for several years before the year 1850. The bank was, certainly, a mortgagee of the property from Ashton, by mortgage executed in 1842, to secure a large debt therein described. There is no positive proof that that mortgage debt was ever paid in whole or in part, but the circumstances tend strongly to show that it never was, unless it was done by a surrender, or sale of the mortgaged premises under the mortgage. In 1850 the bank, by its commissioners, sold and conveyed the property by absolute deed, and for a valuable consideration, to defendant Dawson, who took immediate possession, and remained in uninterrupted possession and control of it until 1870—much more than twenty years after the commencement of the bank's possession, under which he claims. During all this time, there is not a word of claim to the property set up by the heirs of Ashton. If Mrs. Hoyle had even shown a right to the property, her right accrued when the Planters and Merchants' Bank first took possession. True, she was then a minor, but that disability ceased in 1856. The present bill was filed eighteen years afterwards.

After the lapse of twenty years of uninterrupted possession and enjoyment of this property by Dawson and his vendor, we will presume a sale of the property and conveyance, under the mortgage, or almost anything else, which is necessary to give repose to his title.—See 1 Brick. Dig. 806, 7, 8, §§ 38, 65, 66, 67, 68, 69, 71.

[Oliver v. Robinson.]

There is no equity in the original bill, and it should have been dismissed.

The only title the railroad has or claims to this property, is the deed of Hoyle and wife. The cross bill seeks to remove an alleged cloud on the title so acquired from them. We have shown above that they had no title, and they could convey none to the railroad. It results that the railroad has no title to be relieved of impending clouds; and the complainant in the cross bill can take nothing thereby.

The decree of the Chancery Court is reversed at the cost of Alexander Hoyle and the New Orleans, Mobile & Texas Railroad Company, incurred in and about this appeal in the court below and in this court, and the original bill is dismissed at the cost of Alexander Hoyle; and the cross bill is dismissed at the cost of the complainant therein.