## STEAM-GAUGE & LANTERN CO. *v.* MEYROSE.[1]

*(Circuit Court, E. D. Missouri. March 29, 1886.)*

**1. PATENTS FOR INVENTIONS—INFRINGEMENT—ESTOPPEL—JUDGMENTS.**

Where, in a suit for the infringement of a patent, the bill is dismissed because of failure to show any infringement, the decree dismissing the bill will not estop the plaintiff, or his assigns, from again suing the same defendant for infringing the same patent.

**2. SAME.**

In order to make a judgment available as a technical estoppel in a case, it must appear by the record of the prior suit that the particular controversy sought to be concluded was necessarily tried and determined.

In Equity. Plea in bar.

*Hough, Overall & Judson* and *E. S. Jenny,* for complainant.

*Edward J. O'Brien,* for defendant.

BREWER, J., *(orally.)* In the cases of *Steam-gauge & Lantern Co.* v. *Meyrose* there are pleas of a former adjudication. The pleas set out that in 1880, in an action between the assignors of these plaintiffs and this defendant, a decree was entered dismissing the bill on the merits, and it is contended that that is an adjudication and estoppel against these bills. The complainants allege in this bill their patent, and that the defendants at this time and since that decree have been making lanterns which are an infringement upon their patent. How far can that decree on the merits, dismissing the bill, estop these complainants?

The estoppel must be certain. In the case of *Russell* v. *Place,* 94 U. S. 606, Mr. Justice FIELD closes his opinion in these words: "According to Coke an estoppel must be certain to the very intent, and if, upon the face of a record, anything is left to conjecture as to what is necessarily involved and decided, there is no estoppel in it when pleaded, and nothing conclusive in it when offered as evidence." The same doctrine is affirmed by a multitude of courts, quotations from whose opinions are found in the brief of the plaintiff. I give a few of them:

In *Hooker* v. *Hubbard,* 102 Mass. 245, is this language:

"The court are of opinion that upon the facts here presented the learned judge erred in extending the doctrine of estoppel by former judgment to the decree stated. Estoppels of this description are attended with qualifications which must be strictly observed. They are conclusive only as to facts which were directly put in issue and determined in the former suit. If the pleadings present several distinct propositions of fact, the judgment is not conclusive upon any one of them, unless it appears from the record or *aliunde* that the issue upon which it was rendered was upon that proposition."

The same doctrine was laid down by the supreme court in *Packet Co.* v. *Sickles,* 5 Wall. 580, the court, by Mr. Justice NELSON, saying:

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

"When a judgment is used in pleading as a technical estoppel, or is relied on by way of evidence as conclusive *per se*, it must appear by the record of the prior suit that the particular controversy sought to be concluded was *necessarily tried* and determined. * * * But even when it appears from the intrinsic evidence that the matter was properly within the issue controverted in the former suit, if it be not shown that the verdict and judgment *necessarily* involved its consideration and determination, it will not be concluded."

Also, in *Burlen* v. *Shannon*, 99 Mass. 203:

"It is lawful to reason back from a judgment to the basis on which it stands, upon the obvious principle that where a conclusion is indisputable, and could have been drawn only from certain premises, the premises are equally indisputable with the conclusion, but such an inference must be *inevitable*, or it cannot be drawn. These we understand to be limitations of the rule, according to all well considered authorities, ancient and modern."

Now, what was necessarily involved and decided in that former decree? The bill in that case alleged the patent, that the defendants were making lanterns, and that those lanterns were an infringement on the patent. There was a general decree dismissing the bill upon its merits. Was it necessarily involved and decided that the patent was void? Might not the decision have been that the defendants were making no lanterns? Would not the decree necessarily have been dismissing the bill upon the merits, if there had simply been a failure to prove that the defendants were making lanterns? Now, if it is uncertain upon the face of the record as to what was in fact settled and decided, how can it be said that the decree bars this suit? Of course, the extent to which a judgment or decree is certain varies very much, whether it is for the plaintiff or the defendant. Were I to bring an action for trespass, averring title and possession of a piece of real estate, and a trespass on it by the defendant, and obtain judgment, it would be necessarily involved and decided therein that I had the title and possession; for otherwise I could not have obtained such a judgment. But on the other hand, if the judgment were in favor of the defendant, it would not be necessarily involved and decided therein that I had no title, because the decision might have been upon the ground that no trespass was proven.

The famous case of *Outram* v. *Morewood*, 3 East, 346, in which Lord ELLENBOROUGH wrote an elaborate opinion, illustrates this. There a party sued in trespass, averring title to a mine, and trespass by defendant, and obtained judgment. In a subsequent action Lord ELLENBOROUGH held that the title to the mine was necessarily involved and decided, and therefore it was an adjudication. But if the judgment had been in favor of the defendant, it might have been either on the ground that plaintiff had no title to the mine or that there had been no trespass. There is practical good sense in that. Take the case that I put of a suit in trespass. It would be a terrible outcome if, after judgment in one case in favor of the defend-

ant, it should be held that title and possession were adjudicated against me, and that I could never thereafter maintain any action of trespass against him, no matter what subsequent trespasses he might commit.

The supreme court of the United States in two cases in 94 U. S., —one of *Russell* v. *Place* and the other of *Cromwell* v. *County of Sac,* —have, in elaborate opinions, discussed this question, and laid down the rule as has been stated. The case of *Cromwell* v. *County of Sac* was this: A party brought suit upon coupons, averring that the bonds were valid; that he was a *bona fide* holder. Judgment went against him. He subsequently sued upon the bonds of the same series, and coupons taken from the same bonds as the coupons in the prior suit, averring that he was the *bona fide* holder, and that the issue was valid, and the supreme court, with one dissenting voice, affirmed that the prior judgment was no bar. So, in the case of *Russell* v. *Place,* 94 U. S. 606, a party in an action at law for damages for infringement of a patent recovered. Afterwards, he brought a suit in equity on the same patent, and the court held that the former judgment was not an adjudication, and did not estop the defendant in the equity suit for an injunction and accounting, because the validity of the patent was not necessarily involved in the prior case, except in respect to the claim which was the basis of recovery. There were two claims in the patent. A patent might be valid as to one claim and invalid as to the other. The sum and substance of it is that an estoppel must be certain to the very intent, so that if, upon the face of the record, anything is left to the conjecture as to what was necessarily involved and decided, there is no estoppel in it when pleaded, and nothing conclusive in it when offered as evidence.

Further, if we are to look beyond the face of the decree in this case, and gather what light we can from the opinion that was expressed upon the demurrer to a bill of review of the former decree relied on, we find, from the language of my brother TREAT, who decided that case, that the decision was upon the ground that the parties had failed to prove that the defendant made any lanterns. He says plaintiffs offered no proofs, and had none taken, tending to show any infringement by the defendants, and hence the court was bound to dismiss the bill. "It was not necessary for it," says the court, "to inquire into the validity of the plaintiff's patent, because if such patents were valid, no evidence that the defendants had infringed them was offered." It is true, he says, if he had gone into the question of the validity of the patent he would possibly have decided the same way, but that was not the basis of the decision. We are therefore constrained to hold that the pleas are not good.

Pleas overruled, and defendants ordered **to answer by May rules.**