# Wood *v.* Wood.

*Bill in Equity to enjoin Foreclosure of Mortgage and
to redeem.*

1. *Res adjudicata; when shown to exist.*—A judgment or decree
   of a court of competent jurisdiction is conclusive, and be-
   comes *res adjudicata*, as to a subsequent suit, when it is as-
   certained that the matters of the two suits are the same and
   the issues in the former suit were broad enough to have
   comprehended all that was involved in the issues in the sec-
   ond suit; the inquiry being not what the parties actually liti-
   gated, but what they might and ought to have litigated in
   the former suit.
2. *Same; same; bill to enjoin foreclosure of mortgage.*—On a bill
   filed by one of several mortgagors to enjoin the threatened
   foreclosure of a mortgage, upon the ground that the mort-
   gage had been fully paid and that it had been ascertained
   and determined by a court of competent jurisdiction that
   there was nothing due on said mortgage, it was shown that
   prior to the filing of said bill the defendant therein filed a

[Wood v. Wood.]

bill in equity against the complainant in the pending suit and others, alleging in said bill that there existed a co-partnership between him and said defendants to his bill and that upon the dissolution of said partnership the said defendants executed a mortgage to him to secure a stipulated indebtedness. The prayer of said former bill was for the appointment of a receiver and an accounting between the parties, and that said mortgage be foreclosed. In the answer to said former bill, the defendants therein denied its material allegations and especially denied that there ever existed a partnership between them and the complainant, or that there was an indebtedness due upon said mortgage. In his decree upon the final submission of the cause on the pleadings and proof, the chancellor was of the opinion that no partnership had existed between the several defendants and the complainant as alleged in the bill, and further that the complainant was not entitled to the relief prayed for, and thereupon decreed that relief was denied and that the complainant's bill be dismissed out of court. *Held*: That inasmuch as the indebtedness of the mortgage was one of the issues involved in the former suit, the decree in said former suit denying the relief prayed for was *res adjudicata* as to the pending suit and was conclusive to show that there was no indebtedness due upon said mortgage, and that, therefore, the complainant in a subsequent suit was entitled to have the attempted foreclosure of such mortgage enjoined. (TYSON, J., *dissenting*.)

APPEAL from the Chancery Court of Pike.

Heard before the Hon. A. H. ALSTON.

The bill in this case was filed by the appellee, M. A. Wood, against the appellant, Willis C. Wood; and sought to have the defendant enjoined from the attempted foreclosure of a mortgage executed by the complainant and others to the defendant, and to have it declared that the question of indebtedness *vel non* upon said mortgage had been adjudged by a court of competent jurisdiction ascertaining that there was nothing due thereon, and that said mortgage be delivered up and cancelled. It was also further prayed in the bill that if the complainant was mistaken as to the mortgage debt having been paid, that he be allowed to redeem from under said mortgage. The ground upon which it was

[Wood v. Wood.]

sought to enjoin the foreclosure of said mortgage and have said mortgage delivered up and cancelled was, that in a previous suit in equity instituted by the defendant in the present case against the present complainant and others, it was adjudged and determined that there was nothing due upon said mortgage and that it was an existing and enforceable security. The proceedngs in the former suit are made an exhibit to the bill. The decree which was rendered in the former suit of W. C. Wood against the present complainant and others was as follows: "In consideration of the legal evidence the court is of opinion that M. A. Wood, F. S. Wood and B. W. Wood named in the bill were not partners of the firm of J. P. Wood & Co. and not liable to account to complainant as prayed in this suit. The court is further of opinion that the complainant is not entitled to the relief for which he prays. It is therefore ordered, adjudged and decreed that relief be denied; and that the complainant's bill be dismissed out of this court."

The other facts of the case necessary to an understanding of the decision of the present appeal, are sufficiently stated in the opinion.

On the final submission of the cause on the pleadings and proof the chancellor decreed that the question of indebtedness by the complainant to the respondent was *res adjudicata*, and that it had been judicially ascertained in the former suit that there was nothing due upon the mortgage involved in the present suit, and further that the complainant in the present suit was entitled to the relief sought in the bill. It was further ordered that said mortgage be delivered up and cancelled, and that the injunction previously issued restraining the foreclosure of said mortgage be made pereptual. From this decree the respondent appeals, and assigns the rendition thereof as error.

GUNTER & GUNTER, for appellants.—In the former suit, the decree in which is set up in this bill as *res adjudicata*, there was no question adjudicated which was necessarily fatal to the foreclosure of the mortgage. It is settled beyond controversy by many decisions of

[Wood v. Wood.]

this court, as well as throughout the United States, that the plea of *res judicata* must be certain to every intent. It must appear that the matter sought to be litigated in the second suit was in fact, or necessarily, involved in the decision of the first suit.—*Gilbreath v. Jones,* 66 Ala. 129; *Russell v. Place,* 94 U. S. 606; *Carroll v. Carroll,* 16 How. 275; 5 Notes U. S. Rep. 370; *Steam G. Co. v. Meyrose,* 27 Fed. Rep. 213; *Strang v. Moog,* 72 Ala. 460; Bigelow on Estoppel, (5th ed.) 51, 61; *Greenwood v. Warren,* 120 Ala. 78; 1 Pacific Reporter 626.

FOSTER, SAMFORD & CARROLL and J. M. CHILTON, *iontra.*—On a bill filed to settle a partnership and to foreclose a mortgage where issues of facts are joined by an answer and a submission is had on pleadings and proof for final decree, the decree dismissing the bill on such submission is final and conclusive that neither right claimed in the bill is enforceable. The following principle of law so well supported by authorities is conclusive of the question involved in this suit:

"When there is no question as to the jurisdiction of the court, or as to the identity of the parties, the inquiry, whether the subject matter of the controversy has been drawn in question, and is concluded by former adjudication, is determined, when it is ascertained that the matters of the two suits are the same, and the issues in the former suit are broad enough to have comprehended all that is involved in the issues in the second suit. The inquiry is not what the parties litigated, but what they might and ought to have litigated in the former suit."—*Tankersley v. Pettis,* 71 Ala. 186; *Glasser v. Meyrovitz,* 119 Ala. 156-157; *Waring v. Lewis,* 55 Ala. 615, *Strauss v. Mertief,* 64 Ala. 294; *Moone v. Crowder,* 72 Ala. 79; *Strang v. Moog,* 72 Ala. 461; *Brown v. Tilman,* 25 Southern Rep. 836.

"A judgment, as between the parties or privies, as a plea or bar, or as a matter of evidence, is conclusive, not only of the questions actually litigated, but of all questions within the issues which could have been properly litigated and determined."—*Strauss v. Mertief,*

64 Ala. 299; *Trustees etc. v. Kellar*, 1 Ala. 406; *Chamberlain v. Gaillard*, 26 Ala. 504; *Wittick v. Traum*, 25 Ala. 317.

HARALSON, J.—The bill was filed by M. A. Wood against W. C. Wood, to redeem certain described lands from a mortgage executed ·by himself, J. P. Wood and F. S. Wood, on the 7th January, 1885, to said W. C. Wood.

The bill alleges that complainant is in possession of and owns a portion of the land embraced in the mortgage, not having parted with any right or title held by him since the execution of said mortgage, and from aught appearing, he and said J. P. and F. S. Wood, owned jointly the other lands therein described.  The lands under mortgage are described in the bill, and the portion owned entirely by the complainant is also de- scribed.

It alleged that said W. C. Wood had advertised the lands for sale and was proceeding to sell the same under the power in the mortgage.  Said M. A. Wood, one of the mortgagors, filed this bill, as stated, to redeem, and to enjoin said sale by the mortgagee, W. C. Wood, alleging that the mortgage debt had been fully paid, and there was nothing due on the mortgage; alleging, also, that it had been adjudicated between them by a competent court having jurisdiction of the parties and subject matter, that there was nothing due on the mortgage; and in the alternative, that if mistaken in this, and it should be ascertained by the court that there was anything due on said mortgage, complainant submitted himself to the judgment and decree of the court with respect thereto, and offered to pay such amount as might be found due.

It will be seen, then, that the main question in the case, as conceded by counsel on both sides is, whether or not the question of indebtedness of the complainant, M. A. Wood, to the defendant, W. C. Wood, is *res adjudicata;* and, incidentally, if in a bill of this character, as contended by respondent, the other mortgagors, J. P. and F. S. Wood are not necessary parties.

[Wood v. Wood.]

In what respect are they interested? In the part of the land mortgaged, claimed to be owned entirely by complainant, M. A. Wood, they have no interest, since it is alleged and proved, they have conveyed their interests therein to him. But, there are other lands in the mortgage besides these, in which, as J. P. and F. S. Wood joined in the mortgage, it would seem they were interested with complainant, and would, themselves, have a right to redeem. It is true, the complainant, if anything is found to be due and owing on the mortgage debt, could not redeem a part of the mortgaged premises, but would have to redeem the whole, by paying the entire mortgage debt.—2 Pom. Eq. Jurs. §§ 1211, 1212, 1221; *Lehman v. Moore*, 93 Ala. 186; *Jones v. Matkin*, 118 Ala. 348; *McQueen v. Whetstone*, 127 Ala. 417. The rule as laid down by Daniel and Story, as to the proper parties is,—to quote the language of Daniel,—"As a person entitled to a part only of the mortgage money cannot foreclose the mortgage without bringing the other parties interested in the mortgage money before the court, so neither can a mortgagor redeem the mortgaged estate without making all those who have an equal right to redeem with himself parties to the suit.  *  *  * The mortgagee has a right to insist that the whole of the mortgaged estate shall be redeemed together; and for this purpose, that all the persons interested in the several estates or mortgages should be made parties to a bill seeking an account and redemption."—1 Dan. Ch. Pr. 212; Story Eq. Pl. §§ 185-188. Whether there was reversible error in not having made all his co-mortgagors parties, either as complainants or defendants,— conceding that they were necessary parties, in the matter of the alternate redemption as prayed for,—will depend, however, on the decision of the other and main question in the case, as to whether or not the indebtedness by complainant and his co-mortgagors, J. P. and F. S. Wood, had been, theretofore, adjudicated between them by a competent court having jurisdiction of them and of the subject-matter of said mortgage indebtedness. If the question of indebtedness on the mortgage had

been so adjudicated. and it had been ascertained that the mortgage had been fully paid, there could, of course, be no room for redemption from it, and this would apply to each of the mortgagors, and destroy the mortgage as to each and all of them, which fact could afterwards be set up by either, for himself, in any proceeding by the mortgagee to enforce the mortgage, or by complainant to cancel it as a cloud on his title, without reference to the other mortgagors, or making them parties.

Let us then consider the question of *res adjudicata.* It grows out of a case, as shown, filed in the chancery court of Pike county, on the 2d day of February, 1887, by the defendant in this case, W. C. Wood, against complainant, M. A. Wood, and said J. P. and F. S. Wood, and B. W. Wood, the latter being brothers, and all except B. W. Wood, joint mortgagors in said mortgage. The facts of that case, as it appeared in this court on appeal, and as recited in the opinion of the court in 119 Ala. 184, are referred to by both sides in this case as being a correct statement. For convenience, we adopt that statement, where it is said that said W. C. Wood claimed "that on August 1, 1881, a copartnership was formed between himself and J. P. Wood, F. S. Wood and B. W. Wood, under the name of J. P. Wood & Co., by the terms of which, complainant was to have one-half interest therein, and defendants the other half, which partnership was dissolved on August 1, 1884, and praying for the appointment of a receiver and an accounting between the partners, that a lien be declared in favor of complainant for his reimbursement on certain designated property into which, it was alleged, money and property of the firm, fraudulently misappropriated by defendants, had been converted, and that a mortgage which had been given to complainant by J. P. Wood, M. A. Wood and F. S. Wood, in consideration of his undertaking and promising to pay all the indebtedness of the firm to the extent of $17,000, be foreclosed. The answer of the defendants denied the material allegations of the bill, and especially that there ever was such a partnership as that alleged in the bill, each of the defendants except J. P. Wood, denying that

he was, or ever had been a member of said partnership,
and averring that said partnership was composed of
complainant [W. C. Wood] and J. P. Wood only." It
may be added, that the matter of the indebtedness of
said mortgagors in said mortgage, was clearly, fully
and specifically claimed by said W. C. Wood in his
said bill and as clearly, fully and specifically denied
by the mortgagors, the defendants therein, and all in-
debtedness by them thereunder was distinctly denied.
The question, then, of indebtedness or not, by them to
complainant, W. C. Wood, was clearly and distinctly
made in that case, and was an issue therein.   Upon
a reference to the register, on the issues involved, he
found and reported that the partnership was begun on
August 1, 1882, and that the members of the firm were
complainant, W. C. Wood, J. P. Wood, F. S. Wood,
B. W. Wood, and M. A. Wood,—the complainant in this
suit; he stated an account between the partners, show-
ing a balance due complainant, W. C. Wood, and found
a balance of $2, 791.79 due on the mortgage.   "On Au-
gust 6, 1895, the cause was submitted for decree on the
exceptions of both parties to the register's report, and
on the 3d of February, 1896, in term time, the chancel-
lor, upon a consideration of all the evidence, decreed
that M. A. Wood [this complainant], F. S. Wood and
B. W. Wood were not members of said firm of J. P.
Wood & Co., sustained defendant's exceptions, over-
ruled those of complainant [W. C. Wood], and over-
ruled the report *in toto.*"   On the 5th of February,
1896, and in term time, the cause as it then stood was
submitted on pleadings and proofs, and a decree was
rendered the same day, dismissing the bill.   The court
in this decree held, that the complainant was not enti-
tled to the relief for which he prayed, and that relief
should be denied.   That decree, which was final, was
appealed from by the complainant, and was here af-
firmed.—*Wood v. Wood, supra.*   Whether there was any-
thing due on the mortgage was a disputed question in
the case.   The indebtedness claimed by the mortgagee
was denied by the mortgagors.   "The issue [of indebted-

[Wood v. Wood.]

ness *vel non*] thus presented, involved one of the equities upon which complainant's right to relief depended."

It satisfactorily appears from said decree, when construed in connection with the pleadings, that it was determined not only that M. A., F. S. and B. W. Wood were not partners with complainant under the firm name of J. P. Wood & Co., but, also, that said mortgage was fully paid and discharged. One J. M. Hamil had been examined as a witness by defendants in that case, and it appears that on the submission of the cause his deposition was before the chancellor, but was not in the transcript on appeal to this court. The court said: "We have no means of knowing the nature of his testimony, and hence must presume, as insisted by counsel, that is was sufficient in character and weight, considered in connection with all the other evidence, to justify the conclusion of the chancellor that the firm of J. P. Wood & Co., was composed of complainant and J. P. Wood only; that there was nothing due on the mortgage, or that its conditions had been performed, and that there has been no misappropriation of firm assets, or conversion thereof into other property, as charged in the bill, and to justify the overruling of the register's report." According to this opinion, then, from which we have no reasons now to dissent, the decree of the chancellor ascertained that said mortgage was fully satisfied. That the court did so adjudge, is not to be doubted on the face of the proceedings, and there is no evidence *aliunde* to the contrary.

To support the plea of *res adjudicata*, "the parties must be the same, the subject-matter the same, the point must be directly in question, and the judgment must be rendered upon that point."—*Gilbreath v. Jones*, 66 Ala. 132. Or, as the principle is elsewhere expressed, *res adjudicata*, is determined as existing, "when it is ascertained that the matters of the two suits are the same, and the issues in the former suit were broad enough to have comprehended all that is involved in the issues in the second suit. The inquiry is not, what the parties actually litigated, but what they might and ought to have litigated in the former suit."—*Tankersley v. Pettis*, 71

[Wood v. Wood.]

Ala. 179; *Glass v. Meyrovitz*, 119. Ala. 152.   The decree here comes .well within those requirements.

On further consideration on application for a rehearing, the former opinion in the cause is modified and withdrawn, and the foregoing opinion filed' in lieu thereof.   The judgment of reversal heretofore rendered will be set aside, and one now rendered affirming the decree of the court below.

Affirmed.

TYSON, J., *dissenting.*—I think it is entirely clear from the decree dismissing the former bill when it is read in connection with the pleadings in the cause and the opinion of the chancellor, that the dismissal was for a variance—a failure to prove the partnership as alleged.

"It is elementary that if from the decree in a cause there be uncertainty as to what was really decided, resort may be had to the pleadings and to the opinion of the court to throw light upon the subject."—*National Foundry & Pipe Works v. Oconto Water Supply Co.,* 183 U. S. 234.

The opinion of the chancellor was as follows: "On consideration of the legal evidence the court is of opinion that M. A. Wood, F. S. Wood and B. W. Wood named in the bill were not partners of the firm of J. P. Wood & Co. and not liable to account to complainant as prayed in this suit;" then follows, "The court is further of the opinion that the complainant is not entitled to the relief for which he prays;" following these words, is the decree dismissing the bill.

On appeal of that cause to this court, it was held that the variance was fatal and justified the dismissal of the bill, without reference to whether there was anything due on the mortgage.—*Wood v. Wood,* 119 Ala. 183.

It is only by argument or inference that the second clause of the opinion of the chancellor, quoted above, can be said to have had reference to the question of indebtedness, *vel non,* on the mortgage debt, and that the dismissal was on that account.

[Wood v. Wood.]

Estoppels must be certain to every intent and if upon the face of the record it is left to conjecture or inference as to whether the dismissal was because there was nothing due upon the mortgage or because of the variance, there is no estoppel.—Bigelow on Estoppel (5th ed.), 51-61; *Russell v. Place,* 94 U. S. 606; *Hooker v. Hubbard,* 102 Mass. 245; *Steam etc. Co. v. Meyrose,* 27 Fed. 213; *Burlen v. Shannon,* 96 Am. Dec. 733; *Gilbreath v. Jones,* 66 Ala. 132; *Greenwood v. Warren,* 120 Ala. 78.

The question here is, not whether the issues made by the pleadings were broad enough to present for consideration and decision indebtedness *vel non* upon the mortgage debt, but it is whether that disputed question was necessarily tried and determined. And the fact that it was actually tried and determined must appear with reasonable certainty, and not as a mere matter of inference or argument.—*Strauss v. Meertief,* 64 Ala. 310.

Even a probability will not supply the place of definiteness and certainty, and where an inference is relied upon, it must be a necessary and an irresistible one. How can it be said with any degree of certainty that the dismissal was not on account of the variance, but on account of the finding by the chancellor that there was nothing due upon the mortgage, or on account of both? I do not think the record furnishes a sufficient answer to this inquiry, and, therefore, entertain the opinion that the estoppel relied upon by complainant has not been shown. The inference that the chancellor found nothing to be due upon the mortgage is not a necessary one to uphold the decree. On the contrary, the decree can well be supported upon his finding that there was a material variance. And this, I entertain no doubt, was the ground of dismissal of the bill.